## MATTER OF BELLIDO

### In Adjustment of Status Proceedings

### A-12438949

*Decided by Regional Commissioner July 31, 1967*

Applicant, who neither is a native or citizen of Cuba nor is residing with her Cuban citizen husband in the United States, is ineligible for adjustment of status pursuant to the provisions of section 1 of the Act of November 2, 1966.

The District Director denied the application and certified the case to this office for review and final decision.

The record relates to a 39-year-old female, native and citizen of Venezuela, who was born on July 16, 1928 in San Fernando de Apure, Venezuela. She was validly married on August 9, 1945 to Adrian Bellido de Lunes, a native and citizen of Cuba, and resided with her spouse in Cuba from 1945 to 1961. Four children were born of this union and now reside with their mother in Miami, Florida.

On February 19, 1961, the applicant departed Cuba and arrived in the United States at Miami, Florida as a nonimmigrant visitor for pleasure. She was in possession of a Venezuelan passport and was authorized to remain in the United States until July 16, 1961. Due to the political situation existing in Cuba, the applicant was subsequently granted an indefinite period of time in which to depart voluntarily from the United States.

On November 21, 1966, the applicant applied for adjustment of status to permanent resident under section 1, Act of November 2, 1966. The application was denied by the District Director on the grounds that the applicant was not a native or citizen of Cuba nor was she residing with her Cuban citizen husband in the United States.

Section 1, Act of November 2, 1966, reads in pertinent part as follows:

. . . the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least two years, may be adjusted by the Attorney General in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for

permanent residence if the alien makes an application for such adjustment and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence. ... The provisions of this Act shall be applicable to the spouse and child of any alien described in this subsection, regardless of their citizenship and place of birth, *who are residing with such alien in the United States*. (Emphasis supplied.)

In a sworn statement taken before an officer of this Service on July 6, 1967, the applicant testified that she was a native and citizen of Venezuela; that she had never acquired Cuban nationality; that she has been separated from her spouse for approximately four years; and that there is no likelihood of a reconciliation.

The language of the Act clearly restricts its benefits to aliens who are natives or citizens of Cuba and to their spouses and children who are residing with them in the United States.

The applicant is, in fact, a political refugee, and we are in sympathy with her desire to become a permanent resident of the United States; however, the facts in her case do not support a finding of eligibility and the application will be denied.

**ORDER:** The decision of the District Director, Miami, Florida, is affirmed, and the application is denied.